UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

EDWIN RUIZ and JOSE CAMBIZACA GOMEZ, *on behalf of themselves, FLSA Collective Plaintiffs, and the Class*,
           Plaintiffs,

-v-

FORCE SERVICES, LLC and LUIS FALCIANO,
           Defendants.

16-CV-6729 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

On December 4, 2017, this Court approved a Class Action Settlement Agreement (the "Settlement") in this Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New York Labor Law ("NYLL") action and dismissed the case with prejudice. (Dkt. No. 54.) Plaintiffs Edwin Ruiz and Jose Cambizaca Gomez now claim that Defendants Force Services, LLC and Luis Falciano have failed to pay certain amounts due under the Settlement, and they move for an entry of judgment against Defendants, as well as an award of attorney's fees. (Dkt. No. 55.) For the reasons that follow, Plaintiffs' motion is granted in part and denied in part.

**I.    Background**

Plaintiffs initiated this putative class action on August 25, 2016, alleging that Defendants, their former employers, violated the FLSA and NYLL by, among other things, keeping false time records to avoid paying overtime wages. (Dkt. No. 1.) The matter ultimately settled, and on December 4, 2017, this Court certified a settlement class, approved the parties' proposed class settlement, and dismissed the case with prejudice. (Dkt. No. 54.) Under the terms of the Settlement, Defendants agreed to pay a total of $300,000 into a settlement fund for eventual distribution to class counsel, the fund administrator, and the class members. (Dkt. No. 43-1

1

("Settlement") § 3.1(A).) Defendants were to pay this sum in thirty-one installments: an initial installment of $50,000 to be paid by March 10, 2017, and then, beginning on August 1, 2017, thirty additional monthly installments of $8,333.33 each. (Settlement § 3.1(B).) In exchange, Plaintiffs agreed that each class member who did not opt out would release certain claims against Defendants, including the FLSA and NYLL claims asserted in this case. (Settlement § 4.1.)

All did not go according to plan, however. By May 19, 2019, Defendants had put only $133,333.30 into the settlement fund. (Dkt. No. 56 ¶ 3; Dkt. No. 58-1 ¶ 4.) According to Defendants, their lapse in making the required installment payments was due to "severe financial distress" that has caused Defendant Force Services, LLC to cease operations. (Dkt. No. 58-1 ¶ 5.) Defendants further maintain that they "have offered to pay monthly minimal payments to the Plaintiffs," but that Plaintiffs have rejected this offer. (Dkt. No. 58-1 ¶ 6.)

Plaintiffs have now filed a motion seeking (1) judgment against Defendants in the amount of the unpaid $166,666.70 portion of the settlement fund and (2) attorney's fees in the amount of $3,300 to compensate Plaintiffs' counsel for their efforts to enforce the Settlement. (Dkt. No. 55.) Defendants oppose the motion (Dkt. No. 58-3), and Plaintiffs have waived the opportunity to file a reply (Dkt. No. 62). The Court is now prepared to rule.

## II.     Discussion

The Court first addresses Plaintiffs' request for entry of judgment based on Defendants' breach of the Settlement. This request "is fundamentally 'a claim for breach of a contract, part of the consideration of which was dismissal of an earlier federal suit.'" *Hendrickson v. United States*, 791 F.3d 354, 358 (2d Cir. 2015) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).[1] In opposing Plaintiffs' motion for entry of judgment, Defendants

---

[1] This Court incorporated the terms of the Settlement into its order dismissing this case and "retain[ed] jurisdiction . . . for the purpose of enforcing the Settlement." (Dkt. No. 54 ¶ 19.)

2

never dispute that the Settlement is an enforceable contract and that they are in breach of its terms. (*See* Dkt. No. 58-1 ¶ 4.) Instead, they argue only that the Settlement nowhere authorizes the particular remedy that Plaintiffs seek. (Dkt. No. 58-3 at 3–4.)

Under New York law, which applies here (Settlement § 5.10), "where there has been a violation of a contractual obligation the injured party is entitled to fair and just compensation commensurate with his loss," barring "a special provision of law or contractual limitation" to the contrary, *Terminal Cent., Inc. v. Henry Modell & Co.*, 628 N.Y.S.2d 56, 59 (App. Div. 1st Dep't 1995). The critical question, then, is whether the Settlement puts "any limitation on [Plaintiffs'] right to the monthly installment payments in the event of [Defendants'] default in making those payments." *Id.* Defendants argue that the Settlement does indeed contain such a limitation. In particular, they point to a Settlement provision, titled "Effect of Non Payment," that reads:

> If the Gross Settlement Fund is not timely funded by Defendants, then Plaintiffs shall provide notice of failure to pay to Defendants' counsel and Defendants shall have 10 days to cure after such notice is provided, which may be made electronically. Thereafter, Plaintiffs can elect to continue with the lawsuit as if no settlement was reached, and Defendants agree that the claims of all Class Members under the FLSA and NYLL are tolled to the date of filing of preliminary approval.

(Settlement § 2.13.) Relying on this provision, Defendants claim that "Plaintiffs' only remedy" for a breach of the Settlement "is to continue with the lawsuit." (Dkt. No. 58-3 at 4.)

The Court is not persuaded by Defendants' reading of the Settlement. New York law provides that settlement agreements are "construed according to general principles of contract law." *Collins v. Harrison-Bode*, 303 F.3d 429, 433 (2d Cir. 2002) (quoting *Red Ball Interior Demolition Corp. v. Palmadessa*, 173 F.3d 481, 484 (2d Cir. 1999)). Under those principles,

---

The Court thus has jurisdiction over the present enforcement dispute. *See Kokkonen*, 511 U.S. at 381 (recognizing that if the parties to a federal suit "*wish* to provide for the [federal] court's enforcement of a dismissal-producing settlement agreement," they may permissibly do so).

"[l]imitations on a party's liability will not be implied and to be enforceable must be clearly, explicitly and unambiguously expressed in a contract." *Terminal Cent.*, 628 N.Y.S.2d at 59. Here, the language upon which Defendants rely "identifies a condition upon which [Plaintiffs] would have the option of resuming litigation" but cannot "be reasonably interpreted as limiting [Plaintiffs'] relief in the event of default." *Anwar v. PAAM Grp., Inc.*, No. 12 Civ. 3420, 2014 WL 241041, at *6 (S.D.N.Y. Jan. 22, 2014) (adopting report and recommendation). Taken as a whole, the Settlement "contains no terms regarding limited remedies, an exclusive remedy, or a sole remedy in the event of a contractual breach." *Id.* at *7. To the contrary, as part of the Settlement, Defendants were each required to execute confessions of judgment in the amount of $405,000 "to be held in escrow to secure the[ir] payment obligations." (Settlement § 3.6.) Such a requirement is inconsistent with the notion that the parties to the Settlement contemplated the revival of the underlying lawsuit as Plaintiffs' exclusive remedy in the event of nonpayment.[2]

The Court therefore concludes that Plaintiffs are entitled to a judgment that Defendants are liable to pay all past-due installments into the settlement fund. That said, those past-due installments do not add up to the full amount Plaintiffs now seek. Although Plaintiffs contend that the *entire* unpaid balance of the $300,000 settlement fund—*i.e.*, $166,666.70—"remains due and owing" (Dkt. No. 57 at 4), the Settlement "d[oes] not contain an acceleration clause providing for the entire balance" of Defendants' liability "to be due upon the default of any one

---

[2] Defendants maintain that Plaintiffs may not rely on the confessions of judgment because the Settlement "does not contain language which provides for the *release* of the confession of judgment in the event of a default." (Dkt. No. 58-3 at 4.) But Defendants cite no authority suggesting that, under New York law, a party that holds a confession of judgment "to secure . . . payment obligations" (Settlement § 3.6) requires further authorization to release the confession in the event that the obligations go unsatisfied. In any event, Plaintiffs do not seek to enforce Defendants' confessions of judgment here; rather, the Court relies on the confessions only insofar as they constitute evidence that the parties did not intend to limit Plaintiffs' remedy for breach of the Settlement to reinstatement of their FLSA and NYLL claims.

4

installment," *Admae Enters., Ltd. v. Smith*, 634 N.Y.S.2d 750, 752 (App. Div. 2d Dep't 1995). Plaintiffs, therefore, are "entitled to recover only the amount of the installments past due" at the time of judgment. *Id.*; *see also Gordon v. Cont'l Cas. Co.*, 457 N.Y.S.2d 844, 846 (App. Div. 2d Dep't 1983) (concluding that a plaintiff seeking to enforce an installment contract was "entitled only to a declaration of the parties' rights and obligations" as to "future installments").

Under the terms of the Settlement, Defendants as of today should have paid the initial $50,000 installment (due on March 10, 2017) and twenty-five of the subsequent monthly installments of $8,333.33 each (due to begin on August 1, 2017). (*See* Settlement § 3.1(B).) In other words, had Defendants been honoring their obligations under the Settlement, they would by now have paid $258,333.25 into the settlement fund. Because Defendants have instead paid only $133,333.30, the amount of their current liability is $124,999.95. As explained above, Plaintiffs are entitled to a judgment that this sum is owed to the settlement fund.

Finally, Plaintiffs request an award of the attorney's fees they have incurred in seeking to enforce the Settlement. But "New York law does not permit fee-shifting in breach of contract cases, unless specifically provided in the contract," *Jia Chen v. Antel Commc'ns, LLC*, No. 14 Civ. 6629, 2015 WL 5793404, at *7 (E.D.N.Y. Sept. 30, 2015), and Plaintiffs point to nothing in the Settlement that entitles them to a fee award. Instead, they claim only that they are entitled to attorney's fees because "both the FLSA and NYLL are fee shifting statutes." (Dkt. No. 57 at 5.) This argument, however, overlooks that Plaintiffs have already relinquished their FLSA and NYLL claims in exchange for the specific set of contractual guarantees contained in the Settlement. And those guarantees do not include an entitlement to recoup any amounts spent in attempting to enforce the Settlement's terms. The Court therefore sees no basis for awarding Plaintiffs attorney's fees incurred in connection with the present motion.

**III.     Conclusion**

For the foregoing reasons, Plaintiffs' motion for entry of judgment and an award of attorney's fees is GRANTED in part and DENIED in part.  Specifically, the Court DENIES Plaintiffs' motion for attorney's fees but GRANTS in part Plaintiffs' motion for entry of judgment.  The Court concludes that Plaintiffs are entitled to entry of a judgment that Defendants are presently liable to pay $124,999.95 into the settlement fund created in this matter, and that Defendants shall continue to be liable to pay additional monthly installments of $8,333.33 each into the settlement fund as provided for under the Settlement.

The Clerk of Court is directed to close the motion at Docket Number 55 and to enter judgment against Defendants as set forth in this opinion.

SO ORDERED.

Dated: August 2, 2019
New York, New York

_____
J. PAUL OETKEN
United States District Judge